UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FELICITA DE NUNEZ, | ) CASE NO. 1:11CV2285 |
| | ) |
| Plaintiff, | ) JUDGE JOHN R. ADAMS |
| | ) |
| -vs- | ) |
| | ) <u>MEMORANDUM OF OPINION</u> |
| COMMISSIONER | ) <u>AND ORDER</u> |
| OF SOCIAL SECURITY | ) |
| | ) |
| Defendant. | ) |

On October 29, 2012, Attorney Kirk Roose filed a motion for attorney fees for Plaintiff Felicita DeNunez under the Equal Access to Justice Act ("EAJA"). The Commissioner has responded in partial opposition to the motion, and Plaintiff has replied. The motion for attorney fees is GRANTED IN PART AND DENIED IN PART as detailed herein.

I.  INTRODUCTION

The Sixth Circuit has recently explained the history of EAJA as follows:

The EAJA, enacted in 1980, provides for an award of attorney fees to a party prevailing against the United States in a civil action when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees. 28 U.S.C. § 2412(d)(1)(A); *see also Perket v. Sec. of H.H.S.*, 905 F.2d 129, 132 (6th Cir. 1990). The purpose of the statute is described in its legislative history:

> The [EAJA] rests on the premise that certain individuals ... may be deterred from seeking review of ... unreasonable governmental action because of the expense involved in securing the vindication of their rights. The economic deterrents to contesting governmental action are magnified in these cases by the disparity between the resources and expertise of these individuals and their government. The purpose of the bill is to reduce the deterrents and disparity by entitling certain prevailing parties to recover an award of attorney

1

> fees, expert witness fees and other expenses against the United States, unless the Government action was substantially justified.
>
> H.R.Rep. No. 96-1418, at 5-6 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4984, 4984. This statement indicates that Congress intended to make challenges to unreasonable government action more accessible for certain individuals by allowing them to recoup reasonable attorney fees and costs, should they prevail.

*Bryant v. Commissioner*, 578 F.3d 443, 445-46 (6th Cir. 2009).

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *cf. Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*.") As such, this Court must excluded hours that were not "reasonable expended." *Hensley*, 461 U.S. at 434. Counsel, therefore, must make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *Id.*

Furthermore, under EAJA, the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support any requested increase in the hourly rate. *See Blum v. Stenson*, 465 U.S. 886, 898 (1984) (considering attorney fees under § 1988, the Court stated, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant"). Plaintiffs must "produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing

in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. at 895 n. 11.

## II. LEGAL ANALYSIS

### A. Eligibility

In the instant matter, the Government does not dispute that Plaintiff is eligible for an award of fees. As such, the Government has conceded that its position was not substantially justified. Therefore, the Court will now proceed to review the reasonableness of Plaintiff's fee request.

### B. Reasonable Number of Hours

The fee application seeks an award of fees to Attorney Roose for 3.9 hours of time, including 1.9 hours devoted to preparing this fee application. In addition, Plaintiff seeks fees for 18.5 hours of services performed by Attorney Eric Schnaufer. These hours were devoted primarily to preparing Plaintiff's opening brief. Both attorneys seek compensation at an hourly rate of $184.75.[1] Finally, the application seeks $40 per hour for 4.1 hours of work performed by "appellate assistant" Diane Shriver.

#### 1. Shriver's activities

In evaluating the application for fees for Shriver, the Court is mindful of the following:

> Purely clerical or secretarial tasks, that is, non-legal work, should not be billed—even at a paralegal rate—regardless of who performs the work. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n. 10 (1989). For example, dictation and typing are non-compensable, as they are part of the overhead of any law office. *See Wiegand v. Sullivan*, 900 F.2d 261 (Table), 1990 WL 51387, at *1 (6th Cir. 1990) (affirming the district court's reduction of fees). However, activities such as filing a complaint, filing service requests, and filing return-of-service forms are clerical tasks that may be considered sufficiently "legal work" to permit compensation, although any compensation would be at a lesser rate. *See Taylor v. Barnhart*, No. 00 c 7782, 2002 WL 31654944 at *4 (N.D.Ill. Nov.22, 2002). *But see Knudsen v. Barnhart*, 360 F.Supp.2d 963, 977 (N.D.Iowa 2004) (finding that

---

[1] The Court will analyze below the proper hourly rate.

> retrieving documents, filing documents, serving summonses, and calendaring are non-compensable because they are properly considered overhead costs); *Barriger v. Bowen*, 673 F.Supp. 1167, 1170 (N.D.N.Y.1987) (finding that mailing two letters and serving the Assistant United States Attorney with a copy of a summons and complaint are non-compensable because they are properly considered overhead costs).

*Rodriguez v. Commissioner*, 2012 WL 2905928, at *3 (N.D.Ohio July 16, 2012). In the instant matter, Shriver's activities include 1.6 hours for review Court emails. The Court finds that "reviewing" Court emails is noncompensable. Based upon the Court's knowledge, these emails are electronic notices of Court filings. Monitoring these emails should be subsumed within overhead costs and therefore is not compensable. The Court finds that the remaining 2.5 hours include filing the complaint, filing a notice with the Court, and filing Plaintiff's brief are properly categorized as legal work. Therefore, 2.5 hours Shriver's activities are compensable. Neither party has presented argument about the proper hourly rate for Shriver. Given the limited number of hours compensable, the Court finds that her $40 per hour rate is reasonable in this instance.

### 2. Attorney Hours

The Commissioner does not challenge the reasonableness of the hours claimed by both counsel in this matter. The Court's review indicates 22.4 hours to file the complaint, a 17-page brief, and a 10-page reply brief falls within the realm of reasonable. Accordingly, these 22.4 hours are compensable.

### C. Hourly Rate

Finally, the Court must examine the issue that Attorney Roose has allegedly spent over 150 hours researching and briefing in approximately a dozen cases within this District. The Court must determine the properly hourly rate for the work performed by the attorneys herein. The Court previously rejected Attorney Roose's contention that he had supplied sufficient

information to warrant an increase in the hourly rate in *English v. Commissioner*, 1:11CV2794. The Court reiterates its findings herein.

Plaintiff argues extensively about the impact of *Bryant* and challenges the interpretation of that case by the Commissioner in other matters.  However, *Bryant* clearly held as follows: "In fact, in both cases, Plaintiffs submitted only the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees. *This is not enough*, and the district court did not abuse its discretion in denying Plaintiffs' requests."  *Bryant*, 578 F.3d at 450 (emphasis added).  In the instant matter, it is clear that Plaintiff did not solely rely upon the CPI in support of his request.  Accordingly, while *Bryant*'s holding may assist the Court in some manner, it offers very little to aid the Court's analysis because of the significantly larger quantity of evidence produced by Plaintiff in this matter.

Plaintiff also challenges the holding in an out-of-Circuit case, *Mathews-Sheets*.  In *Mathews-Sheets*, the Seventh Circuit noted as follows:

> The Equal Access to Justice Act does not authorize an award of the prevailing hourly rate, as such, unless it is less than $125 an hour. For that matter it doesn't authorize an award of $125 per hour, or even $125 plus inflation. The $125 rate is a presumptive ceiling; to justify a higher rate the plaintiff must point to inflation or some other special factor. *Floroiu v. Gonzales*, 498 F.3d 746, 749 (7th Cir. 2007) (per curiam); *Muhur v. Ashcroft*, 382 F.3d 653, 656 (7th Cir. 2004); *Healey v. Leavitt*, 485 F.3d 63, 68–71 (2d Cir. 2007). If he points to inflation he still must show that it actually justifies a higher fee; for while it might seem obvious that a statutory price ceiling should be raised in step with inflation, to do that as a rote matter would produce windfalls in some cases. Inflation affects different markets, and different costs in the same market, in different ways. The framers of the Equal Access to Justice Act were right therefore not to create an entitlement to an inflation adjustment; the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government. *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009); *May v. Sullivan*, 936 F.2d 176, 178 (4th Cir. 1991) (per curiam); *Headlee v. Bowen*, 869 F.2d 548, 552 (10th Cir. 1989); *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988); *but cf. Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (intimating a presumption in favor of a cost of living adjustment).

*Mathews-Sheets*, 653 F.3d at 563. The Seventh Circuit then went on to clarify its discussion:

> It might seem that because the cost of living special factor is not automatic, the two enumerated special factors merge; the lawyer arguing for a cost of living increase must show limited availability of lawyers able to handle such a case. But that is not correct. Inflation might have an impact across a range of fields of practice that would make it difficult to hire a competent lawyer even in a rather routine case in a field of law by no means esoteric; in such a situation a fee above the statutory fee might well be justified. When inflation is not a factor, the lawyer does have to show that there is something special about the particular type of case that justifies the higher fee. That special factor has not been invoked in this case.
>
> And so on remand the plaintiff's lawyer will have to show that without a cost of living increase that would bring the fee award up to $170 per hour, a lawyer capable of competently handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such a case.

*Id*. at 565. This final paragraph, however, has certainly not been universally accepted:

> With all due respect to Judge Posner's analysis in *Matthews–Sheets*, no Court within the Sixth Circuit has required proof that no competent attorney exists in the [immediate geographical] area to handle a plaintiff's case at the statutory rate, in order to prove entitlement to a rate increase. Proving a negative is always difficult, but proving the negative proposition as phrased by Defendant suggests a nearly impossibly high bar for recovery of an award in excess of the statutory rate. Reference to two social security attorneys in just two cases, absent any evidence that those cases were similar in difficulty or that the attorneys involved had equal reputations, skill sets, and experience, is not grounds for reduction of the claimed fee so long as Plaintiff has otherwise carried his or her burden to exceed the statutory rate.

*Russell ex rel. Roach v. Astrue*, 2012 WL 1902550, at *2 (S.D.Ohio Apr. 11, 2012).

In performing its analysis, the Court is mindful that the statutory language that allows for an increase in the hourly rate under EAJA is written in the disjunctive. That is to say, a cost of living increase may warrant an upward adjustment **or** a special factor such as a lack of qualified attorneys may warrant such an adjustment. *See Gonzalez v. Astrue*, 2012 WL 1633937, at *2 (S.D.Ind. May 9, 2012) ("Although a sentence can be plucked out of the opinion in *Mathews–*

*Sheets* to support this argument [that the two prongs merge], the Commissioner has conflated the two separate bases under the EAJA that justify a rate higher than the $125 cap.").

Similar to the plaintiff in *Mathews-Sheets*, Plaintiff does not seek an increase in the hourly rate for a special factor. Instead, Plaintiff seeks an increase based upon inflation. The members of this district appear to be in disagreement about what quantum of evidence is sufficient to warrant an increase. *See Keyes v. Commissioner*, Case No. 1:11CV312, Doc. 28 (denying an increase in fees upon finding that Plaintiff had not demonstrated that prevailing rate exceeded the statutory cap); *but also see Hakkarainen v. Commissioner*, Case No. 1:10CV2463, Doc. 45 (Report and Recommendation) (concluding that more than sufficient evidence was presented to justify the increased hourly rate).

In order to demonstrate the prevailing market rate, Plaintiff provided "The Survey of Law Office Economics, 2011 Edition," counsels' resumes, and the national CPI for legal services.[2] A colleague on this Court recently found such materials to be sufficient to warrant an increase. "The Court finds that Jaworski's additional evidence is sufficient to support a cost-of-living increase, as it demonstrates that: (1) increases in law firm expenses in the relevant time frame have outpaced cost-of-living increases, and (2) that the requested fee is less than or equal to both the average and median rates in Ohio with respect to administrative law practice." *Jaworski v. Commissioner*, 1:10CV2936, Doc. 32.

In resolving the issue, the Court finds itself in agreement with its colleagues on this Court that have found the evidence relied upon by Plaintiff to be insufficient to warrant the requested increase in the hourly rate. *See Jones v. Commissioner*, 1:10CV2568; *Keyes v. Commissioner*, 1:11CV312. Accordingly, the award of fees shall be limited to $125 per hour.

---

[2] Plaintiff incorporated these documents by reference in his motion to his prior filing in *Elson v. Commissioner*, 3:11CV183.

### III. CONCLUSION

Plaintiff's motion for EAJA fees is GRANTED IN PART AND DENIED IN PART. Appellate assistance Shriver's 2.5 hours at $40 per hour results in $100. The Court finds that 22.4 hours of attorney time is compensable at $125 per hour for a total of $2800.00. Accordingly, the motion is GRANTED IN PART and the total award of fees is $2,900.

Moreover, the Court declines to award the $32 sought for copying costs. First, Plaitniff has failed to demonstrate that copies were reasonable or necessary. Additionally, the Court finds that those costs – including creating a "file" copy of documents are properly subsumed in overhead. Finally, if the Court were to reach the ultimate amount, it would conclude that 25 cents per copy is excessive. Accordingly, the Court declines to award costs for copying in this matter.

Consistent with Plaintiff's agreement, the amount shall be made in Plaintiff's name so that any pre-existing debt to the Government may be offset before any amount is assigned to counsel.

IT IS SO ORDERED.


Dated:  <u>January 3, 2013</u>                              */s/ John R. Adams*_____
                                                            JOHN R. ADAMS
                                                            UNITED STATES DISTRICT JUDGE