UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FELICITA DE NUNEZ, | ) CASE NO. 1:11CV2285 |
| | ) |
|     Plaintiff, | ) JUDGE JOHN R. ADAMS |
| | ) |
|  -vs- | ) |
| | ) MEMORANDUM OF OPINION |
| COMMISSIONER | ) AND ORDER |
| OF SOCIAL SECURITY | ) |
| | ) |
|     Defendant. | ) |

      Pending before the Court is Plaintiff's motion to alter or amend the Court's order denying in part Plaintiff's motion for attorney fees under EAJA.  Plaintiff's counsel contends that this Court failed to specifically address five of the exhibits he submitted in support of his request to increase the hourly rate.  The Court finds no merit in the motion.

      Initially, the Court would note that it expressly relied upon another case from this District, *Jones v. Commissioner*, in refusing to increase the EAJA hourly rate.  While not precisely the same declarations were submitted therein, declarations of the same kind and substance were produced.  Thus, when the Court adopted the reasoning of *Jones*, it thought it had made clear that it rejected Plaintiff's evidence herein as well.

      In any event, the exhibits that Plaintiff contends this Court did not review do not support increasing the hourly rate.  This evidence suffers the same flaws as the evidence discussed in *Jones* and *Keyes v. Commissioner*, Case No. 1:11CV312.  Plaintiff's counsel seeks to demonstrate that an increase is appropriate because 1) attorneys in Cleveland generally charge above $200, 2) his higher rate is justified because outside this field he generally charges $300 per

1

hour, and 3) other requests for only $125 per hour were made "to avoid litigation."  As others in this Court have noted, a higher prevailing rate, if established, simply "triggers the statutory cape.  It does not *ipso facto* satisfy the plaintiff's burden" to justify an increased hourly rate.  *Keyes, supra*, Doc. 28 at 4.  Similarly, the attorney's "individualized billing rates are not themselves a 'special factor'" warranting an increase.  *Id.* at 5.

As such, while the Court expressly incorporated the analysis of *Jones* and *Keyes* in its initial decision, it has now expressly rejected Plaintiff's contention that these additional exhibits support an increase in the EAJA hourly rate.

Accordingly, the motion to alter or amend is DENIED.


Dated:  January 25, 2013                         */s/ John R. Adams*_____
                                                 JOHN R. ADAMS
                                                 UNITED STATES DISTRICT JUDGE